(No. 4707-)

CHARLES DEDICH, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed January 14, 1958.*

EDWARD D. LAPPERRE, Attorney for Claimant.

LATHAM CASTLE, Attorney General; BERNARD GENIS, Assistant Attorney General, for Respondent.

WHAM, J.

This is a claim for damages sustained on March 3, 1956 by claimant, Charles Dedich, elevator operator at the Merchandise Mart Building in the City of Chicago, when struck and injured by an electric truck operated by Daniel B. Owings, an employee of the Department of Labor, Division of Unemployment Compensation, State of Illinois.

Claimant contends that respondent's employee negligently moved the truck without warning while in the elevator, which claimant was operating. Respondent contends that the employee was not negligent, and that claimant was contributorily negligent.

Three witnesses testified to the happening of the accident, namely, claimant, Charles Dedich, the state employee, Daniel B. Owings, and a passenger in the elevator, Adolph Belovar. From their testimony the facts are these:

Respondent's agent drove the electric truck, which was used to move supplies in the Merchandise Mart Building, into the elevator clearing the door. Claimant, with his back to the truck, was in the process of closing the door when respondent's employee backed the truck over the right foot of and against claimant knocking him

out of the elevator onto the floor. Claimant did not direct the moving of the truck, and the reason given by respondent's employee for moving it was to make room in the elevator. He moved the truck without looking in that direction, and gave no warning to claimant.

In our opinion, these facts clearly establish that respondent's employee was negligent, since he should have looked before he moved the truck, and warned claimant of his intended move.

We further are of the opinion that claimant was in the exercise of ordinary care for his own safety, and should recover from respondent for his damages.

From the evidence, the injury sustained was not a serious or permanent one. There were no broken bones, and, in fact, no medical evidence was produced. Claimant's counsel acknowledged at the hearing that the injury was not permanent.

Claimant described his own injuries as being to the instep and left side of his right foot, which became swollen and too painful to use for approximately one week. He lost two weeks work at $1.95 per hour for a forty hour week. He received payments under the Workmen's Compensation Act for one week and three days, which amounted to $41.43. The Massachusetts Bonding and Insurance Company paid that amount to claimant, and also paid the doctor bill of $34.00. They have notified the state in writing of their subrogation claim in the total sum of $75.43, and requested payment thereof.

Claimant also received one-half pay for 8 days from his employer amounting to $60.80, and union benefits in the amount of $17.00, thus totaling $117.80 received by him for his lost wages. Deducting this sum from the

amount of $156.00, which he would have earned had he not been injured, establishes a net wage loss of $38.20.

Claimant testified that he suffered considerable pain as a result of the injury. At the time of the hearing, approximately one year after the injury, he still noticed an occasional sharp pain of a short duration. His foot has a tendency to swell after he has worked a few hours, and he stated that it is necessary for him to loosen his shoe laces.

It is difficult to appraise pain in the terms of money, especially where there is no permanency, as is conceded by all parties in this case. Apparently the severe pain was of only a short duration, and the periodic pain and discomfort, which claimant describes as late as a year after the accident, was relatively slight. The Commissioner, who heard the case, and observed claimant and his injury, expressed the opinion that $200.00 was a fair and reasonable amount for the pain and suffering. We also believe that this amount is fair and reasonable from claimant's standpoint.

In our judgment, the claim in this case should be allowed in the total sum of $313.63.

In view of the fact that the Massachusetts Bonding and Insurance Company, the compensation carrier for the employer of claimant, has placed respondent on notice of its subrogation claim in the amount of $75.43, it is the order of this Court that claimant shall receive the sum of $238.20 free and clear of the subrogation claim, and that the Massachusetts Bonding and Insurance Company shall be entitled to receive $75.43, provided, however, that said company execute a full and complete release running to the State of Illinois.